IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff,<br><br>v.<br><br>$8,000.00 IN UNITED STATES FUNDS,<br>    First-Named Defendant Property,<br><br>ANTWAN L. WEATHERSBEE<br>    Claimant. | CASE NO. 5:12-CV-329 (MTT) |

**ORDER GRANTING UNITED STATES' MOTION TO STRIKE
RESPONSIVE PLEADINGS OF CLAIMANT ANTWAN L. WEATHERSBEE
AND ORDER FOR ISSUANCE OF FINAL ORDER OF
<u>FORFEITURE AS TO THE FIRST-NAMED DEFENDANT PROPERTY</u>**

Upon consideration of the United States' Motion to Strike and for Final Order of Forfeiture, and the record of this case, the Court finds that good cause exists to grant Plaintiff's motion.

THEREFORE, IT IS HEREBY ORDERED that the Claim and Answer of Claimant Antwan L. Weathersbee [Docs. 8 and 13] shall be stricken from this case.

The responsive pleadings of the Claimant having been stricken, the Court hereby makes the following findings of fact and conclusions of law:

1. This Court has jurisdiction of this matter pursuant to 28 U.S.C. §§ 1345 and 1355, and venue is proper pursuant to 28 U.S.C. § 1395.

2. Pursuant to a Warrant of Arrest in Rem this Court issued on August 14, 2012, the United States Marshals Service for the Middle District of Georgia arrested and seized the Defendant Property on August 23, 2012.

3. The United States has furnished due and legal notice of these proceedings as required by law. The United States perfected service of process of this action on all potential claimants.

4. The United States published notice of this action on an official government website, *www.forfeiture.gov* for at least thirty (30) consecutive days, beginning on August 28, 2012, as required by Rule G(4)(a)(iv)(C) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.

5. Claimant Antwan L. Weathersbee filed a timely Claim and Answer in these proceedings, asserting his interest in the First-Named Defendant Property, through his counsel, Lee Sexton, Esquire, but those pleadings have now been stricken.

6. On December 18, 2012, the Court entered a Discovery and Scheduling Order which provided for completion of discovery by June 17, 2013.

7. On January 16, 2013, Plaintiff sent Special Interrogatories pursuant to Rule G(6) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, Federal Rules of Civil Procedure, to the Claimants, through their counsel of record, Mr. Sexton, via certified mail number 7011 2000 0001 9219 9581, and responses were received June 11, 2013.

8. On August 2, 2013, the Court entered an Order scheduling a pretrial conference for October 2, 2013, and requesting that a joint proposed pretrial order be submitted five days prior.

9. Prior to the pretrial conference, after having been informed that the office of Lee Sexton, Esquire had not been in contact with the Claimants, the

undersigned contacted the Court on September 23, 2013, requesting that a telephone conference be set in regards to the pretrial of this forfeiture action.

10.   A Telephone Conference was set for September 24, 2013, as indicated by a text entry on the docket.

11.   During the Telephone Conference on September 24, 2013, Brad Moody, Esq. informed the Court that the Claimants' counsel Lee Sexton, Esq. had been out for a medical condition, that he was able to locate Claimant Patrick R. Royster, but was unable to locate Claimant Antwan L. Weathersbee. The Court advised that if there were grounds for a continuance (i.e. Mr. Sexton's medical condition), then a motion continue should be filed.

12.   On September 30, 2013, the United States filed a Notice of Settlement as to Claimant Patrick L. Royster, and his interest in the Second-Named Defendant Property. The United States also notified the Court of its anticipation of filing a motion to strike the claim of Claimant Antwan L. Weathersbee.

13.   As of the date of filing this motion, the United States has not been informed by counsel for Claimant Antwan L. Weathersbee that his client has been located, and Claimant Antwan L. Weathersbee has failed to diligently defend his claim by ignoring a direct order from this Court to comply with the pretrial Order. In addition, no other claims or answers have been filed with regard to the First-Named Defendant Property, and the time for filing claims and answers has expired.

14.   There is sufficient evidence to warrant a conclusion, by a preponderance of evidence standard, that Defendant Property is subject to forfeiture in accordance with

21 U.S.C. § 881(a)(6) and 18 U.S.C. § 981(a)(1)(A).

THEREFORE, IT IS HEREBY FURTHER ORDERED THAT:

1. All right, title, and interest in the First-Named Defendant Property is hereby forfeited to and vested in the United States, which shall have clear title to this property and may warrant good title to any subsequent transferee.

2. The United States Attorney General or his authorized designee shall dispose of this property in accordance with the law.

3. No parties shall be entitled to costs, including any costs under 28 U.S.C. §§ 2412 and 2465, nor shall the person or persons who made the seizure of the First-Named Defendant Property, nor any attorney, agent, or employee of the United States, be liable to suit or judgment on account of the seizure of the First-Named Defendant Property or prosecution of the instant forfeiture action, there being reasonable cause shown for the seizure.

SO ORDERED, this 15th day of January, 2013.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT

PREPARED BY:

MICHAEL J. MOORE
UNITED STATES ATTORNEY

s/ DANIAL E. BENNETT
ASSISTANT UNITED STATES ATTORNEY
GEORGIA STATE BAR NO. 052683